Paula DOAN, Plaintiff–Appellant, Cross–Appellee,

v.

NSK CORPORATION, Defendant–Appellee, Cross–Appellant.

Nos. 03–1900, 03–1936.

United States Court of Appeals, Sixth Circuit.

April 30, 2004.

James R. Cmejrek, Cmejrek & Lipnik, Ann Arbor, MI, for Plaintiff–Appellant/Cross–Appellee.

Susan Healy Zitterman, Cheryl A. Cardelli, Kitch, Drutchas, Wagner, DeNardis & Valitutti, Detroit, MI, for Defendant–Appellee/Cross–Appellant.

Before KENNEDY, MARTIN, and ROGERS, Circuit Judges.

### ORDER

In Case No. 03–1900, Paula Doan, a Michigan resident, appeals a district court order and judgment dismissing her civil rights action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 *et seq.* In Case No. 03–1936, NSK Corporation ("NSK"), Doan's employer, cross-appeals in order to preserve its rights. Both parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Doan was initially employed by NSK in January 1994. In May 1996, she entered an apprenticeship program for Machine Repair classification. This program, administered by a committee comprised of two management and two union members, consisted of 8000 hours of on-the-job training in addition to designated course work.

In her complaint, Doan alleged that NSK discriminated against her because of her sex by dropping one of the required courses for the program in April 1997 and substituting two courses in its place. She claimed that similarly situated male apprentices were not required to take extra courses when their classes were dropped. Doan filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) in October 2001. The EEOC issued a right-to-sue letter dated January 15, 2002.

Following a hearing, the district court granted the defendant's motion for summary judgment in an opinion and order entered on June 10, 2003. A separate judgment dismissing the action was entered the same day. In its opinion, the district court found that its subject matter jurisdiction was limited to the 1997 course change, which was the only incident referenced in Doan's EEOC charge. Thus, it did not address additional alleged incidents which Doan had attempted to raise during discovery. The district court further found that the EEOC charge was filed years beyond the applicable 300-day statute of limitations and that Doan was not entitled to equitable tolling of the limitations period, principally because she had failed to exercise due diligence in pursuing her rights.

On appeal, Doan argues that the district court erred in finding that she had failed to meet the limitations period and that she was not entitled to equitable tolling.

Upon review, we affirm the judgment for the reasons stated by the district court. This court reviews *de novo* a district court's grant of summary judgment, using the same test used by the district court. *Hunley v. DuPont Auto.*, 341 F.3d 491, 495 (6th Cir.2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Hunley,* 341 F.3d at 495–96.

■ The district court did not err in finding that its jurisdiction over this action was limited to Doan's claim that NSK discriminated against her because of her sex by requiring her to take an extra course in order to complete her apprenticeship. " 'It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge.' " *Weigel v. Baptist Hosp. of East Tenn.,* 302 F.3d 367, 379 (6th Cir. 2002) (quoting *Strouss v. Mich. Dep't of Corr.,* 250 F.3d 336, 342 (6th Cir.2001)). The information Doan provided to the EEOC on her charge related solely to her complaint that she had to take two courses instead of one. Thus, the EEOC's investigation was limited to that issue, as described in its letter to Doan, and the district court properly found that it had jurisdiction only over the spring 1997 course change issue.

■ In order to recover for illegal discrimination in employment under Title VII, a plaintiff must first timely file a charge with the EEOC. *Amini v. Oberlin Coll.,* 259 F.3d 493, 498 (6th Cir.2001). A district court's determination of timeliness is reviewed *de novo. Id.* at 497–98. Where the alleged unlawful employment practice occurs in a state (such as Michigan) which has enacted its own laws prohibiting discrimination in employment, the plaintiff must file her EEOC charge within 300 days of the alleged unlawful employment practice. *Id.* at 498.

It is undisputed that Doan learned of the course change that is the subject of her complaint in the spring of 1997. She filed her EEOC charge in October 2001, more than three years beyond the 300–day limitations period. Her arguments that her informal complaints and requests for reconsideration, the latest of which was denied in August 2001, either converted the 1997 act into a "continuing act of discrimination" or restarted anew the limitations period are unpersuasive and contrary to controlling precedent. Accordingly, the district court properly determined that Doan's EEOC charge was untimely filed.

Timely filing with the EEOC is a condition precedent, rather than a jurisdictional requirement, to bringing a Title VII action and, thus, is subject to equitable tolling. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Nonetheless, the doctrine is to be applied "sparingly." *Id.* at 113–14. Absent compelling circumstances, the limitations period should not be tolled and the courts typically apply equitable tolling "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir.2000). There are no such compelling circumstances in this case.

Accordingly, the district court's judgment is affirmed.